(38 Misc. Rep. 537.)

DEPARTMENT OF HEALTH OF CITY OF NEW YORK v. PHILIP & WILLIAM EBLING BREWING CO.

(Municipal Court of City of New York, Borough of the Bronx, Second District. July, 1902.)

1. HEALTH REGULATION—ESCAPE OF SMOKE—EVIDENCE.

In an action to recover penalty provided by Greater New York Charter, § 1222, for the violation of Sanitary Code, § 134, by allowing smoke to escape or be discharged from defendant's premises, recovery cannot be had on simple proof that smoke did escape, where it is not shown that it was detrimental or annoying to any person.

Action by the department of health of the city of New York against the Philip & William Ebling Brewing Company. Complaint dismissed.

George L. Rives, Corp. Counsel, for plaintiff.
Nathan, Leventritt & Perham, for defendant.

TIERNEY, J. This action is brought to recover the penalty provided by section 1222 of the charter for violation of section 134 of the Sanitary Code. By that section two offenses are prohibited,—the allowing of smoke, etc., to escape or be discharged, and having a furnace in a building used for trade or manufacture so constructed as not to consume or burn the smoke arising therefrom. The plaintiff's bill of particulars specifies a violation of both of these provisions by the defendant corporation at its premises at 156th street and St. Ann's avenue in this borough.

As to the complaint that the defendant has not its furnaces so constructed as to consume and burn the smoke, the evidence is to the contrary. It appears that the defendant has adopted and uses a pattern of

furnace designed to burn and consume the smoke; that the matter carried off from the firebed does not pass directly into its chimney, but passes first through a process that burns and consumes all the solid matter in the escaping product of combustion, so that whatever passes into the chimney is in the form of a gas, without ash, soot, or dust. It appears further that there is not known any device that can accomplish the absolute combustion of smoke, and that the defendant has adopted a standard pattern of construction; nor does it appear that there is any better device, of tested standing in commercial use, that the defendant has omitted to avail itself of.

I think that on this point the defendant cannot be said to have committed a violation of the Sanitary Code. The section must be interpreted reasonably, not as requiring performance of the impossible, but as applying to the state of the art of furnace construction existing at the time of the adoption of the provision. So far as the proof goes in this case, it appears that the defendant has complied with the literal requirements of the law as nearly as it is practicable to do so, and that is all that, in my view of the fair construction of the section, it can justly be called upon to do.

This does not, however, dispose of the other ground of complaint, that the defendant has allowed smoke to escape from its premises. The proof upon the trial established beyond dispute that the defendant had allowed smoke to escape from its premises, and so had come within the literal prohibition of the law. It may be that among engineers the matter escaping from the defendant's chimney in the form of a gas freed from all solid matter would not be known as smoke, but the words employed in the section referred to are to be construed in their ordinary, and not technical, sense, and the popular meaning of smoke is the visible exhalation from a burning substance, and such certainly did escape from the defendant's premises. The question reduces itself, therefore, to whether this provision of law is to be construed and applied with absolute and unvarying literalness, or whether the test of reasonableness may be invoked by a defendant in its application to the circumstances of a particular case. The facts of this case, as proved upon the trial, are that the defendant has carried its chimney to a great height, so that the smoke escaping therefrom does so at a considerable distance from the ground, far above any buildings in the neighborhood; that the smoke passes off into the upper atmosphere, mingling with the air, and becoming scattered and dissipated and gradually disappearing from view without reaching the earth; that there is no deposit of solid matter from the dissipated smoke, and whatever contamination of the air there may be at the chimney's mouth does not affect the air beneath it, and so never becomes perceptible. The defendant's proof establishes that whether the flue of its chimney carries off imperceptible gas or visible smoke, in neither case is any feature of nuisance to any resident of the city possible, nor has any one living in any direction from its premises suffered any injury, annoyance, inconvenience, discomfort, or hurt. If the provision adopted by the board of health, however, is to be literally applied, these considerations are immaterial, because the section prohibits the escape of smoke under any circumstances.

The section in question, although formulated and adopted by the board of health, has the same effect as a statutory enactment. This would be so under the general principle that the legislature has the right to delegate the power to make such ordinances to a municipal body; but in this case the legislature itself, by chapter 466 of the Laws of 1901 (section 1172) gave this then existing provision of the Sanitary Code a statutory sanction. The legislature unquestionably has the power, in providing for the welfare and comfort of a community, to make any police regulations that in its judgment conduce toward that end, subject only to the restriction that they are adopted for that purpose, and appear to be reasonably adapted to accomplish it. Whether the restriction is a reasonable restraint upon the individual's freedom of action is always open to review by the courts.

If it had not been proved before me in this case, I think that the court would take judicial cognizance of the fact that no fire can be burned without giving off as a product of combustion an exhalation, visible as smoke or invisible as gas. To prescribe that a furnace should be used without allowing any smoke or gas to be given off calls for as little possibility of compliance as to require that it be used without permitting combustion, and yet that is what this section of the Sanitary Code literally requires. It cannot be supposed that the legislature intended to require the impossible, or to close every furnace in our city for the promotion of a better atmosphere. To give this section, therefore, a reasonable and working application, the attempt to construe it literally must be abandoned, and something further looked to than the phraseology in its unqualified significance. This section is part of the Sanitary Code, adopted by the board of health to preserve and promote the health of the community; using the term "health" in its broad significance of physical welfare and comfort. All the prohibitory provisions of that Code are designed to prevent acts that are calculated to work a detriment to some person. To accomplish that is the reason and excuse for interfering with the liberty of each individual to do as he pleases with his own. When, therefore, the legislature enacted as a part of the Sanitary Code that no gas or smoke should be allowed to escape from a furnace, I think it must be understood with the implied qualification, "to the detriment or annoyance of any person." The provision cannot mean exactly what is expressed. If it did, every engineer in the city, each time he lighted a fire under a furnace, or kept it burning, would be guilty of a misdemeanor, and whether his offense should be visited with a penalty would depend, not on such fixed considerations as the law or the character of his act, but on the judgment of the health commissioner or corporation counsel, or some other official. Some better test than that must be employed to distinguish between the cases that the section is intended to cover and those where it would be foolish to apply it. I know of no more reasonable distinction than the difference between cases that violate the spirit of the Sanitary Code and those that do not, to be ascertained by the test of whether the act complained of results in any injury, annoyance, or inconvenience to any one. Such, I understand, was the form of this provision before it was amended in 1899. No doubt the change was made to the more comprehensive phrase-

ology of the present ordinance so that it would be easier to prove a violation, but the consideration of the practical expediency of this sweeping provision in readily bringing offenders to justice is not a justification for adopting a law so general as to be unenforceable according to its literal terms.

The defendant's counsel urges that this ordinance, literally interpreted, goes beyond the power of the legislature, and is therefore void. I have grave doubts whether this may not be so, and until the board of health, under the power granted by the charter (section 1172), adopts an ordinance whose literal meaning can be reasonably upheld, whether acts that violate its spirit can be reached by the courts unless they constitute a public nuisance. We have been so accustomed until lately to the clear atmosphere of our city, as to regard the escape of smoke as constituting in itself a nuisance, forgetting that this is one of but a few large manufacturing centers where the pall of smoke is not accepted as a necessary incident. It is proper and desirable for the municipality to secure a continuance of the more congenial conditions of an atmosphere uncontaminated by smoke, and its efforts should be upheld in every proper way; but, to make the escape of smoke a prohibited act, appropriate municipal legislation must be adopted, or the offender, falling short of creating a public nuisance, commits no offense of which the courts can take cognizance.

Whatever my personal views may be of the validity of this ordinance, I should hesitate to pronounce it void, because, after having received the approval of the legislature, some higher court than this should first pass on that question, and because this very point of the illegality of this section was raised by this defendant in another proceeding, and passed upon adversely to its claim by another justice of this court. Department of Health v. Ebling Brewery Co., 78 N. Y. Supp. 11.

For the reason stated, I do not think that the defendant has been shown, on the facts presented before me, to have committed a violation of law, and the complaint should be dismissed.

Complaint dismissed.